16-4067-cv
O'Rourke Marine Services L.P.  v. M/V COSCO HAIFA, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand eighteen.

Present:    BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
            DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*

_____

O'Rourke Marine Services L.P., L.L.P.,

                  *Plaintiff-Cross Defendant-Counter Defendant-Appellant*,


                        v.                              16-4067-cv


M/V COSCO HAIFA, IMO No. 9484338, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, M/V COSCO VENICE, IMO No. 9484405, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*,

                  *Defendants* in rem-*Counter-Claimants-Counter-Defendants-Appellees,*

ING Bank N.V.,

                  *Third Party Defendant-Counter-Claimant-Cross-Claimant-Appellee*,

O.W. Bunker North America, Inc.,

                  *Third Party Plaintiff,*

O.W. Bunker USA Inc.,

*Third Party Defendant.*[1]

_____

Appearing for O'Rourke Marine Services L.P., L.L.P.:    J. Stephen Simms, Casey L. Bryant, Simms Showers LLP, Baltimore, MD.

Appearing for M/V COSCO HAIFA, M/V COSCO VENICE:    James L. Ross, Gina M. Venezia, Michael J. Dehart, Freehill Hogan & Mahar LLP, New York, N.Y.

Appearing for ING Bank N.V.:    Bruce G. Paulsen, Brian P. Maloney, Seward & Kissel LLP, New York, N.Y.

Appearing for O.W. Bunker USA Inc. Liquidated Trust and Dr. Gideon Böhm, as insolvency administrator and foreign representative of O.W. Bunker Germany GmbH, *amici curiae*, in support of appellees:

Davis Lee Wright, Robert E. O'Connor, Kaspar Kielland, Montgomery McCracken Walker & Rhoads LLP, New York, N.Y.

Andrew B. Kratenstein, Darren Azman, McDermott Will & Emery LLP, New York, N.Y.

Justin M. Heilig, Hill Rivkins LLP, New York, N.Y.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant O'Rourke Marine Services L.P., L.L.P. ("O'Rourke") appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).  The

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

2

District Court entered judgment in favor of ING Bank N.V. ("ING") and the Vessels M/V COSCO HAIFA and M/V COSCO VENICE (together, the "Vessels") pursuant to their stipulation. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

In October and November 2014, O'Rourke physically supplied bunkers to the Vessels in Houston, Texas. O'Rourke was then never paid for the bunkers. In April 2015, O'Rourke brought this action against the Vessels, asserting claims for maritime liens in an attempt to recover for the unpaid bunkers. Following discovery, O'Rourke moved for summary judgment on its maritime lien claims and, for the first time, argued it was entitled to summary judgment on the basis of breach of contract and unjust enrichment. The District Court denied O'Rourke's motion, concluding that O'Rourke could not assert a maritime lien against the Vessels, and declined to address O'Rourke's unpleaded assertions of breach of contract and unjust enrichment. O'Rourke then filed a motion for reconsideration, which the District Court denied. The District Court eventually granted summary judgment against O'Rourke on its maritime lien claims. This appeal followed.

On appeal, O'Rourke argues that the District Court erred in granting judgment to ING and in finding that it was not entitled to a maritime lien under statute or in equity. We disagree with these contentions. The District Court properly concluded that O'Rourke could not assert a maritime lien because it did not meet the requirements for a maritime lien as set out by the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31301 *et seq.* We held in *ING Bank N.V. v. M/V TEMARA*, 892 F.3d 511 (2d Cir. 2018), that "CIMLA requires three elements for a maritime lien: (1) that the goods or services at issue were 'necessaries,' (2) that the entity 'provid[ed]' the necessaries to a vessel; and (3) that the entity provided the

3

necessaries 'on the order of the owner or a person authorized by the owner.'" *M/V TEMARA*, 892 F.3d at 519 (quoting 46 U.S.C. § 31342(a)). As to the third requirement, "CIMLA defines 'persons . . . presumed to have authority to procure necessaries for a vessel' as '(1) the owner; (2) the master; (3) a person entrusted with the management of the vessel at the port of supply; or (4) an officer or agent appointed by—(A) the owner; (B) a charterer; (C) an owner pro hac vice; or (D) an agreed buyer in possession of the vessel.'" *Id.* (quoting 46 U.S.C. § 31341(a)).

The District Court determined that only the third of those requirements was at issue and concluded that O'Rourke did not meet it. We agree that O'Rourke did not supply the bunkers upon the order of a statutorily authorized person, thus failing to meet CIMLA's third requirement for a maritime lien. Instead, O'Rourke was hired to supply the bunkers to the Vessels by a subcontractor, O.W. USA, who, in turn, was contracted by the bunker contractor, O.W. Far East (Singapore) Pte, Ltd. ("O.W. Far East"), who, in turn, was hired to provide bunkers to the Vessels by the corporate affiliate of the agent of the Vessels' owners. O'Rourke does not appear to dispute this contractual chain. O'Rourke also did not adduce any evidence that would tend to establish that the subcontractor and its contractor were in agency relationships with a statutorily authorized person such that it could have been construed as being hired directly by them. *See Marine Fuel Supply & Towing, Inc. v. M/V Ken Lucky*, 869 F.2d 473 (9th Cir. 1988). Nor did it adduce evidence that a statutorily authorized person controlled the selection of O'Rourke as the physical supplier. *See Lake Charles Stevedores, Inc. v. PROFESSOR VLADIMIR POPOV MV*, 199 F.3d 220 (5th Cir. 1999).

Instead, O'Rourke mainly argues about the effect of a particular clause, clause L.4(a), of the O.W. Far East contractual terms. That clause purports to bind the buyer of the bunkers (here, the Vessels' agent) to the physical supplier's terms when the physical supplier "insists" that the

4

buyer be bound. O'Rourke argues that clause means the Vessels should be deemed to have agreed to O'Rourke's own terms of sale, which state that O'Rourke has a lien over the vessel for the value of the bunkers delivered to it. The District Court properly rejected that argument. The District Court properly concluded that maritime liens are solely creatures of statute, not contract, and are construed strictly under the principle of *stricti juris*. O'Rourke's terms of sale cannot fill the absence of one of the statutory requirements for a maritime lien under CIMLA, namely that O'Rourke had been hired by a statutorily authorized person to supply the bunkers, which, in this case, it was not.

Finally, O'Rourke argues that it should prevail on a theory of unjust enrichment, even though it never pleaded such a claim in its complaint, but instead mentioned such a theory for the first time in its motion for summary judgment. The District Court properly disregarded this argument. A plaintiff cannot seek relief on a claim it failed to plead. Indeed, "a district court does not abuse its discretion when it fails to grant leave to amend a complaint without being asked to do so." *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006). While "plaintiffs who failed to include a claim in their complaint can move to amend the complaint" and "if summary judgment has been granted to their opponents, they can raise the issue in a motion for reconsideration," O'Rourke "took neither of these steps." *Id.* Nor was any sort of unjust enrichment claim tried by express or implied consent of the parties, so as to invoke Rule 15(b)(2).[2] The District Court was entitled to disregard such unpleaded claims. In addition, O'Rourke's argument fails because unjust enrichment claims must be brought *in personam*, and O'Rourke has filed only an *in rem* claim against the Vessels. *See M/V TEMARA*, 892 F.3d at 522.

[2]Federal Rule of Civil Procedure 15(b)(2) provides, "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."

5

We have considered O'Rourke's other arguments and find them to be without merit.

Accordingly, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK